UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHITECTUREART, LLC,<br><br>                              Plaintiff,<br><br>    v.<br><br>CITY OF SAN DIEGO,<br><br>                              Defendant. | Case No. 15-cv-1592-BAS-NLS<br><br>**ORDER DENYING IN PART AND GRANTING IN PART CITY'S MOTION TO DISMISS** |

## I. INTRODUCTION

ArchitectureArt, LLC ("AArt") brings this case against the City of San Diego ("City") alleging six counts of violations of 42 U.S.C. § 1983 and one count of intentional interference with prospective business advantage. (First Amended Complaint ECF No. 1-3 ("FAC")).

The City takes the somewhat unique and startling position that any lawsuit to attack a City decision to revoke or deny a permit application in violation of any U.S. Constitutional rights or constituting intentional interference with prospective business advantage must be filed within twenty-one days. And, similarly, the City argues that any zoning ordinance that violates an individual's First Amendment or Due Process rights must be attacked within 90 days of its passage or the right to

challenge its constitutionality is lost forever. As explained in more detail below, this Court disagrees.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons that follow, the City's Motion to Dismiss is **DENIED IN PART AND GRANTED IN PART.**

## II.     BACKGROUND

On December 11, 2013, AArt filed a Complaint against the City in San Diego Superior Court. The facts alleged were very similar to those listed in the FAC. (ECF No. 1-2.) However, the legal theories were different. AArt alleged violations of California constitutional law as opposed to federal constitutional law, and included a cause of action for inverse condemnation of wall spaces. (*Id*.)

On July 17, 2015, AArt filed the FAC, which was removed to federal court, changing the causes of action from California constitutional violations to federal constitutional violations and dropping the cause of action for inverse condemnation. (ECF No. 1-2.) Otherwise, however, the factual allegations and the parties in the two Complaints are the same.

In its FAC, AArt alleges that it is a "small outdoor mural painting company." (FAC ¶8.) AArt claims, after seeing three large printed murals at Comic-Con, it contacted the City and, at the City's direction, the Centre City Development Corporation ("CCDC"),[1] both of whom told her "no permit was needed in order to paint a wall mural." (*Id*. ¶¶10-11.) In 2011, AArt painted two wall murals without objection from the City. (*Id*. ¶13.)

In 2011, during Comic-Con, AArt painted a third mural which was cited by the City for a violation of a City ordinance. (*Id*. ¶14.) The City told AArt it cited AArt because Comic-Con had complained about the mural, and AArt had not gotten Comic-Con's approval before painting it. (*Id*.)

---

[1] According to the FAC, CCDC has been disbanded and has been succeeded by Civic San Diego.

In 2012, AArt painted five wall murals, three of which received no attention from the City, but two of which received citations. The City objected to two words used in one of the murals, and the citation for the second mural referenced City code sections about creation of a hazardous nuisance, failure to obtain an electrical permit and failure to obtain a construction permit. (*Id*. ¶15.)

During 2012 Comic-Con, AArt tried to find out how to get Comic-Con's approval of murals. When it received no response, it painted three new murals without objection or citation. (*Id*. ¶17.)

After protests from the Coalition to Ban BillBoard Blight and threats of Comic-Con to leave the City, the City stepped up enforcement on new murals painted by AArt. (*Id*. ¶¶18-19). AArt was told for the first time that it would suffer criminal penalties if it didn't remove a mural. (*Id*. ¶18.)

In 2013, AArt submitted three permit applications for three new murals, all of which were approved by the City. (*Id*. ¶20.) However, the approvals were later rescinded. (*Id*. ¶20.) AArt has been forced to cancel all mural contracts and cease new marketing. (*Id*. ¶20.)

Counts One and Two of AArt's FAC allege a violation of its free speech rights under the U.S. Constitution, one for damages and one for injunctive relief. AArt claims the City's sign ordinance is "internally contradictory, vague and very difficult to understand or interpret," which gives it "unbridled discretion" in enforcing the ordinance. (*Id*. ¶¶25, 33.) As a result, AArt claims, City officials are allowed to scrutinize the content of the speech when deciding whether to enforce the sign ordinance or not. (*Id*.) Finally, the sign ordinance distinguishes between different mediums of expression, different speakers and "impermissibly distinguishes between commercial and noncommercial speech." (*Id*.)

Counts Three and Four of the FAC allege a violation of AArt's equal protection rights under the U.S. Constitution, one for damages and one for injunctive relief. AArt claims the City discriminates between AArt and a "class of Comic-Con

approved artists." (*Id*. ¶¶42-43, 52-53.)

Counts Five and Six of AArt's FAC allege a violation of its due process rights under the U.S. Constitution, one for damages and one for injunctive relief.  AArt claims the City failed to provide it due process when it: (a) revoked the permits it had issued for the three murals, (b) "changed the written standards for application of the law," (c) cited AArt for violations "that were clearly inapplicable and threaten[ed] fines and other penalties i[f] the inapplicable condition was not remedied," (d) sought "to enforce laws that are internally contradictory, vague and extremely difficult to interpret or understand," and (e) improperly delegated its municipal powers to both Comic-Con and Civic San Diego. (*Id*. ¶¶ 62, 71.)

Finally, Count Seven alleges that the City has intentionally interfered with AArt's prospective business advantage.

The City moves to dismiss claiming the entire case is barred by the statute of limitations in either Cal. Govt. C. §65009, Cal. C.C.P. §1094.8 or S.D.M.C. §121.0101.[2] (ECF No. 4.)

AArt filed a Response to the Motion to Dismiss (ECF No 7), and the City filed a Reply to the Response.[3] (ECF No. 11.)

---

[2] Although the City's Notice for this Motion to Dismiss claims it is moving to dismiss "the case," and its Reply Brief claims it is challenging all counts of the FAC, in its Memorandum of Points and Authorities in Support of the original Motion to Dismiss, it repeatedly requests dismissal of only counts 1–6. It does not appear to seek dismissal of the seventh count for intentional interference with prospective business advantage. However, since its final argument makes reference to dismissal of all causes of action based on C.C.P. §1094.8, the Court construes the Motion to Dismiss on this ground as applying to all causes of action.

[3] In its Reply, the City raises several arguments not mentioned in its initial Motion to Dismiss, including the argument that the allegations in the FAC, if not time-barred, fail to state a violation of federal or state constitutional rights. Because these arguments were not made in the initial Motion to Dismiss, the arguments are waived. *See Somers v. Digital Realty Trust, Inc*., 119 F.Supp.3d 1088, 1106 (N.D. Cal. 2015); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (finding district court did not commit clear error in failing to consider arguments raised for the first time on reply because it "need not consider arguments raised for the first time in a reply brief"); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived); *Dytch v. Yoon*, No. C 10–02915 MEJ, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (explaining that parties "cannot

## III. STATEMENT OF LAW

### A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). A claim may be dismissed under Rule 12(b)(6) on the grounds that it is barred by the applicable statute of limitations when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 996 (9th Cir. 2006) (quotations omitted).

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Id*. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### B. Statute of Limitations for a Claim Under Section 1983

"It is well established that claims brought under section 1983 borrow the forum state's statute of limitations for personal injury claims, and, in California, that limitations is two years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.,* 509 F.3d 1020, 1026 (9th Cir. 2007). This two-year statute of limitations period

---

raise a new issue for the first time in their reply briefs"). The Court, therefore, declines to consider any additional grounds raised by the City for the first time in its Reply Brief.

"applies to all §1983 claims, regardless of the civil right asserted." *Id.* "A substantive due process violation is complete as soon as the government actions occurs." *Id.* at 1027.[4]

This statute of limitations, however, "does not apply to the facial challenge of a statute that infringes First Amendment freedoms, as such a statute inflicts continuing harm." *Napa Valley Publ'g Co. v. City of Calistoga,* 225 F.Supp.2d 1176, 1184 (N.D. Cal. 2002); *see also 3570 East Foothill Blvd., Inc. v. City of Pasadena,* 912 F. Supp. 1268, 1278 (C.D. Cal. 1996) ("…a statute that, on its face, violates the First Amendment's guarantee of free speech inflicts a continuing harm.  Either a person is punished for speaking or refrains from speaking for fear of punishment. The harm continues until the statute is either repealed or invalidated."); *Summit Media, LLC v. City of Los Angeles,* 530 F.Supp.2d 1084, 1090 (C.D. Cal. 2008) ("The statute of limitations does not apply to the facial challenge of a statute that infringes First Amendment freedoms as such a statute inflicts a continuing harm."); *Santa Fe Springs Realty Corp., v City of Westminster,* 906 F.Supp. 1341, 1364-5 (C.D. Cal. 1995) (refusing to hold that a one-year statute of limitations prohibits a facial challenge to the City ordinance "[b]ecause strong policy reasons militate in favor of permitting facial challenged to statutes that impinge upon protected First Amendment rights"); *Nat'l Advert. Co. v. City of Raleigh,* 947 F.2d 1158, 1168 (4th Cir. 1991) ("[I]t is doubtful that an ordinance facially offensive to the First Amendment can be insulated from challenge by a statutory limitations period.").

In *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680 (9th Cir. 1993), the Ninth Circuit distinguished between a statute that effects a taking without just compensation "and a statute that inflicts some other kind of harm. In other contexts, the harm inflicted by the statute is continuing, or does not occur until the statute is

---

[4] The cause of action for intentional interference with prospective business advantage is likewise subject to a two-year statute of limitations. *See Knoell v. Petrovich,* 76 Cal.App.4th 164, 168 (1999) (applying two-year statute of limitations in Cal. C.C.P. §339 to this cause of action).

enforced—in other words, until it is applied." *Id.* at 688. Thus, "different rules [for applying the statute of limitations] adhere in the facial takings context" than they do in other contexts. *See id.*

"Relation back" jurisprudence rests on the "fundamental philosophy that cases should be decided on their merits." *Smeltzley v. Nicholson Mfg. Co.,* 18 Cal.3d 932, 938 (1977) (quotations omitted). Thus, "[a]n amended complaint relates back to the original complaint, and thus avoids the statute of limitations as a bar…if it: (1) rests on the same general facts as the original complaint; and (2) refers to the same accident and same injuries as the original complaint." *Barrington v. A.H. Robins, Co.* 39 Cal.3d 146, 151 (1985). This is true even if the amended complaint adds different legal theories or invokes different legal duties. *Smeltzley* at 938.

### C. California Government Code § 65009

Section 65009 of the California Government Code was passed because of concern about the housing crisis in California and the Legislature's determination that it was "essential to reduce delays and restraints upon expeditiously completing housing projects." Cal. Govt. C. §65009 (a)(1). The statute expresses concern that legal action challenging city zoning decisions "has a chilling effect on the confidence with which property owners and local government can proceed with projects." And, thus, "to provide certainty for property owners and local governments regarding decisions made pursuant to this decision," the statute of limitations for this subsection requires that an action "to attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance" must be brought within 90 days of the legislative body's decision. Cal. Govt. C. §65009(c)(1)(B).

### D. California Code of Civil Procedure, Section 1094.8

Section 1094.8 of the California Code of Civil Procedure was passed as urgency legislation following the Ninth Circuit decision in *Baby Tam & Co., Inc. v. City of Las Vegas,* 154 F.3d 1097 (9th Cir. 1998) ("*Baby Tam I*"), abrogation recognized by *Dream Palace County v. Maricopa,* 384 F.3d 990 (9th Cir. 2003). *See*

*Stearn v. County of San Bernardino,* 170 Cal.App.4th 434, 440 (2009). To protect those whose First Amendment rights may be violated, the Legislature wanted "constitutionally required procedural safeguards, i.e. prompt judicial review, for license or permit applications whose application for expressive conduct is denied." *Id.* Section 1094.8 lays out a series of rules so that "when a licensing scheme constitutes a prior restraint [on speech], the applicant [can] be afforded prompt judicial review and decision." *Id.*

Thus, when a cause of action for administrative mandamus is filed seeking review of a public agency's issuance or denial of a permit involving expressive conduct under the First Amendment of the U.S. Constitution, the writ of mandate must be filed within 21 days of the public agency's final decision on the permit; the public agency must make the administrative record available within 5 court days after receipt of the written notice of appeal; the trial court must set a hearing on the petition within 25 calendars days after the filing; and the court must render its decision within 20 calendar days after submission. *Id.* at 439. The rule also provides that assignment should be made to another temporary judge if court business makes the court unable to deal with the matter within the required time limits. Cal. C.C.P. §1094.8(d).

### E. San Diego Municipal Code section 121.0102

The San Diego Municipal Code similarly limits when a writ of mandate can be filed after a decision by the City. A writ challenging the invalidity or unreasonableness of the decision must be done within 90 days. S.D.M.C. §121.0102. However, "[t]he judicial remedy of mandamus is not a civil action but a special proceeding of a civil nature, which is available for specified purposes and for which the code provides a separate procedure." *Wenzler v. Municipal Court of Pasadena Judicial Dist.,* 235 Cal.App.2d 128, 131-32 (1965).

### IV.  DISCUSSION

The City argues first that any facial challenges to the City's sign ordinance

1  based on First Amendment grounds are subject to a 90-day statute of limitations
2  under California Government Code section 65009. Section 65009 applies
3  specifically to "zoning ordinances," and a review of the statute makes it clear that
4  this was meant to reduce delays in expeditiously completing housing projects, not to
5  apply to the sign ordinances at issue in this case. More importantly, any statute of
6  limitations is inapplicable to a claim of facial invalidity based on First Amendment
7  violations, as such a violation inflicts continuing harm.
8        The City next argues that the allegations in counts five and six, to the extent
9  they claim the City ordinance violated due process "as applied" to AArt, are barred
10 by the statute of limitations. Contrary to the representations of either party, the Court
11 finds a two-year statute of limitations is applicable to the due process claims filed
12 pursuant to 42 U.S.C. § 1983. *See Action Apartment Ass'n, Inc. v. Santa Monica*
13 *Rent Control Bd.,* 509 F.3d at 1026. The Court further finds that the FAC "relates
14 back" to the original Complaint, filed on December 11, 2013. The two complaints
15 have virtually identical factual scenarios and injuries. The only difference between
16 the two complaints are the legal theories, which does not bar the relation back
17 doctrine from applying. *See Smeltzley v. Nicholson*, 18 Cal.3d at 938. Therefore, the
18 statute of limitations bars any due process claim based on government action that
19 occurred before December 11, 2011, two years before the original Complaint was
20 filed. The FAC lists only one such claim based on the "Rayman mural" cited in July
21 2011. (FAC ¶14.) Therefore, the Court grants the Motion to Dismiss to the "as
22 applied" due process violations based on this claim only.
23       The City argues that the two-year statute of limitations applicable to the due
24 process claims was modified by the San Diego Municipal Code section 121.0102,
25 which limits "[a]ny action or proceeding to challenge, review, or void any decision
26 made in accordance with the Land Development Code . . . [to] . . . 90 calendar days
27 after the date on which the decision becomes final." S.D.M.C. §121.0102. However,
28 the City confuses the time limit for bringing a civil action with the time limit for

1 | bringing an administrative mandamus to challenge a final administrative decision.
2 | As AArt correctly points out, a municipality is free to legislate when and how its
3 | action may be challenged administratively. But it may not set up its own statute of
4 | limitations that shortens the time frame in which it may be sued. *See Markus v.*
5 | *Justice's Court of Little Lake TP,* 117 Cal.App.2d 391, 396 (1953) ("An ordinance
6 | is . . . void insofar as it prohibits what a state law authorizes . . . . An ordinance is
7 | invalid if it invades a field already so fully occupied by state legislation that there is
8 | no room for local regulation.") (citation omitted).

9 | Finally, the City turns the expeditious review required in CCP section 1094.8
10 | on its head and claims that all causes of action in the FAC, including the claims for
11 | violations of first amendment, equal protection, due process and intentional
12 | interference with prospective business advantage, are barred by this 21-day statute
13 | of limitations. The provisions of section 1094.8 are no more applicable to AArt's
14 | claims than are the requirements that the City provide an administrative record
15 | within 5 days, the court set a hearing within 25 days or render a decision within 20
16 | days. These, again, are rules applying to a writ of mandamus not a civil action.

17 | **V.   CONCLUSION**

18 | Despite the City's valiant efforts to shorten the statute of limitations to 21 days
19 | or at least 90 days for AArt's causes of actions, the sections cited by the City are
20 | inapplicable to this case. Accordingly, this Court denies the City's Motion to
21 | Dismiss to the extent it argues that shorter statutes of limitations should be applied.
22 | However, to the extent it argues that the "as applied" due process claims in Counts
23 | Five and Six are barred by the applicable statute of limitations, this Court agrees that
24 | any due process claims based on governmental actions applied to AArt before
25 | December 11, 2011 are barred. Therefore, the Motion to Dismiss Counts Five and
26 | Six are **DENIED IN PART and GRANTED IN PART.** The Motion to Dismiss all
27 | other causes of action are **DENIED.**  (ECF No. 4.)
28 | **IT IS SO ORDERED.**

**DATED:  March 18, 2016**

Hon. Cynthia Bashant
United States District Judge