1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| ARCHITECTUREART LLC, | CASE NO. 15cv1592-BAS (NLS) |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND GRANTING DEFENDANT LEAVE TO AMEND ANSWER |
| v. | |
| CITY OF SAN DIEGO, | |
| Defendant. | [ECF. No. 39] |

11

12

13

14

15

16

17        Now before the Court is Plaintiff ArchitectureArt, LLC's motion to strike the

18   affirmative defenses in Defendant City of San Diego's Answer to the First Amended

19   Complaint (FAC).  The Court finds the motion suitable for resolution on the papers.

20   Civ. L.R. 7.1(d)(1).  Having reviewed the pleadings and considered the arguments

21   of counsel in light of the governing case law, the Court **GRANTS** Plaintiff's

22   motion.

23        Plaintiff argues the City's Answer is conclusory thereby violating the rule to

24   plead supporting facts.  The City concedes that half of its affirmative defenses are

25   unnecessary, but defends the remaining.[1]

26

27        [1]Defendant concedes that its defenses of lack of jurisdiction, no legal duty, res
     judicata, laches, no attorney's fees, speculative damages, acting in a manner authorized
28   by law, good faith without malice, good faith with a reasonable belief, legitimate
     reason for acts or omissions, reasonableness, failure to comply with Government

1    Rule 12(f) allows the court to "strike from a pleading an insufficient defense"

2  to avoid spending time and money on "spurious issues."  Fed. R. Civ. P. 12(f);

3  *Kohler v. Staples*, 291 F.R.D. 464, 467 (S.D. Cal. 2013).  Such motions are not

4  favored if they cause unnecessary delay.  *Id.*

5    The answer must give plaintiff "fair notice" by stating the "nature and

6  grounds for the affirmative defense."[2]  *Id.* at 468 (citation omitted).  "It does not,

7  however, require a detailed statement of facts.  *Id.*  Rule 8(c) "does not require the

8  pleader to 'show' entitlement to its defense."  *Id.* at 469.  Nonetheless, a cursory,

9  bare recitation of the law is insufficient.  *Stevens v. CoreLogic, Inc.*, No.

10  14CV1158-BAS, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17,

11  2015); *Consumer Fin. Prot. Bureau v. Glob. Fin. Support*, No. 15CV2440-GPC,

12  2016 U.S. Dist. LEXIS 22644, at *15-17 (S.D. Cal. 2016).

13    Defendant's second defense is:  "The facts alleged in the Complaint, and each

14  purported cause of action alleged therein, fail to state facts sufficient to constitute a

15  cause of action against the City, its agents, or employees, upon which relief can be

16  granted."  The Court strikes this paragraph because it is not an affirmative defense

17  to the City's liability; rather, it asserts that there are inadequacies in the complaint.

18  A "Rule 12(b)(6) motion is the proper means of asserting that particular claims are

19  insufficient."  *Baker v. Jason*, No. 11CV2060-BAS, 2014 U.S. Dist. LEXIS 116170,

20  at *9-10 (S.D. Cal. 2014) (citation omitted).  The Court has already ruled on

21  Defendant's motion to dismiss.  [ECF No. 19].  Accordingly, the Court strikes this

22  paragraph from the Answer **without leave to amend**.

23

24  Claims Act, and litigation privilege, as well as the misplaced reservation of rights to
25  seek leave to amend and the demand for a jury trial, should be stricken.

26    [2]District courts are split and the Ninth Circuit has not expressly addressed the issue of whether the heightened pleading standard of "plausibility" set out in *Twombly*
27  and *Iqbal* applies to an Answer.  *See generally Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595 (E.D. Cal. 2013) (setting out the opposing
28  views).  This Court has rejected the attempt to apply the heightened standard to answers. *Varrasso v. Barksdale*, No. 13CV1982-BAS, 2016 U.S. Dist. LEXIS 46686, at*5-6 (S.D. Cal. April 5, 2016); *Baker v. Jason*, No. 11CV2060-BAS, *supra* at *5-6.

1    Defendant's remaining thirteen defenses read as follows:

2    III.  "The Plaintiff had knowledge of and voluntarily assumed the risk of all

3    that transpired.  Plaintiff's injuries, if any, arose out of such risks."

4    IV.  "Plaintiff has failed to mitigate damages."

5    V.  "Any injury sustained by plaintiff was not caused by carelessness or

6    negligence on the part of the defendant . . . , but was caused solely by and through

7    the carelessness and negligence of plaintiff."

8    VII.  "Plaintiff has failed to exhaust available administrative remedies."

9    VIII.  "Plaintiff's [FAC] is time barred by the applicable statute of

10   limitations."

11   XI.  "Plaintiff has unclean hands."

12   XII.  "Plaintiff lacks standing to sue."

13   XIII.  "Plaintiff presents no case or controversy.  There is no injury in fact."

14   XIV.  "Contractor, ArchitectureArt, LLC, not being licensed, lacks capacity

15   to sue."

16   XVII.  "The challenged sections of the City's Municipal Code are facially

17   neutral."

18   XVIII.  "Defendant has at all times treated Plaintiff on equal terms with

19   similarly situated individuals and/or entities that applied for sign permits."

20   XIX:  "Defendant has at all times treated Plaintiff on equal terms with

21   similarly situated individuals and/or entities who have had requests for

22   investigations submitted concerning the legality of their signs."

23   XX.  "Defendant is not liable to Plaintiff on the basis that all actions taken by

24   the City were as a result of the City's valid exercise of police powers as authorized

25   by California Constitution, Article XI, Section 7."  [ECF No. 36]

26   The Court agrees with Plaintiff's observation that these bare bones

27   descriptions do not provide fair notice of the grounds for the listed defenses.

28   *Kohler*, 291 F.R.D. at 469-73 (striking defenses that failed to mention the legal or

1  factual grounds that make it relevant to the case).  The Answer is akin to a table of

2  contents.  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal.

3  2004) ("A reference to a doctrine, like a reference to statutory provisions, is

4  insufficient notice.") (citation omitted); *see Kohler*, 291 F.R.D. at 467 (simple

5  identification of the defense does not give notice of the supporting facts).

6  Accordingly, the Court **GRANTS** Plaintiff's motion to strike these thirteen

7  defenses.

8          Defendant requests leave to amend the insufficient affirmative defenses.

9  Courts usually grant leave to amend.  *Kohler*, 291 F.R.D. at 467 (citing *Wyshak v.*

10 *City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Because the inadequacies in

11 thirteen of the affirmative defenses might be cured by describing the facts that

12 demonstrate they are relevant to this case, the Court **GRANTS** Defendant's request

13 for leave to amend.  The Court also permits Defendant to restate its reservation of

14 rights and demand for a jury trial.  Defendant shall have twenty-one days from the

15 date of the filing of this Order to file a First Amended Answer to the First Amended

16 Complaint.

17     **IT IS SO ORDERED**.

18

19 **DATED: September 26, 2016**

20                                        Hon. Cynthia Bashant
21                                        United States District Judge

22

- 4 -                                               15cv1592